IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:22-cr-00053-RJC-13 |
| | ) |
| vs. | ) |
| | ) Judge Robert J. Colville |
| | ) |
| SHAWN YANCEY | ) |

**MEMORANDUM OPINION**

Before the Court is the Government's Motion for Revocation of Order of Pretrial Release (ECF No. 209). The Government requests that this Court review Magistrate Judge Patricia L. Dodge's March 22, 2022 Order Setting Conditions of Release (ECF No. 187) in this matter, revoke Judge Dodge's release order, and impose an order directing that Defendant Shawn Yancey remain detained pending trial. Defendant has filed a Response in Opposition (ECF No. 264) to the Government's Motion. Following consideration of the Government's Motion, all relevant briefing, the transcript of the detention hearing before Judge Dodge (ECF No. 207), all relevant testimony and exhibits, and the Pretrial Services Report, and for the reasons discussed below, the Court will grant the Government's Motion.

I.  **Procedural History**

The Indictment (ECF No. 3) in this matter was filed on March 8, 2022, charging Defendant, along with twelve codefendants, at Count One with conspiracy to possess with intent to distribute and to distribute Schedule I and Schedule II controlled substances in violation of 21 U.S.C. § 846. The Indictment alleges that the type and quantity of controlled substances attributable to Defendant

1

was 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a detectable amount of heroin, a Schedule I controlled substance, as well as 28 grams or more of cocaine base, a Schedule II controlled substance. Indictment 4, ECF No. 3.  At Count Three of the Indictment, Defendant is charged with possession with intent to distribute 40 grams or more of fentanyl and 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(B)(vi).  At Count Four, Defendant is charged with unlawfully possessing firearms and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

The Government filed a Request for Detention (ECF No. 51) on March 11, 2022.  By way of that Request, the Government averred that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.  ECF No. 51.  The Government also asserted that a rebuttable presumption arises in this matter that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community because there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.).  *Id*.  A detention hearing was held before Judge Dodge on March 22, 2022.

After hearing argument and considering the evidence presented by the parties, as well as consideration of the Pretrial Services Report, Judge Dodge found that there exist conditions of release that can be imposed that will reasonably assure the appearance of Defendant as required and the safety of any other person and the community.  Hearing Memo 1, ECF No. 185.  Judge Dodge made several findings on the record with respect to the criteria and factors set forth at 18 U.S.C. § 3142, and ultimately ordered that Defendant be released on a $25,000 unsecured

appearance bond (ECF No. 186) subject to certain conditions. In addition to the standard conditions of release, Judge Dodge's Order Setting Conditions of Release requires that Defendant: (1) submit to supervision by and report for supervision to the U.S. Pretrial Services Office; (2) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution; (3) not possess a firearm, destructive device, or other weapon; (4) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; (5) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer; (6) report all contact with law enforcement to pretrial services. Order 2-3, ECF No. 187.

Defendant was released following the detention hearing, and the Government did not request a stay of the order of release. Mot. 2, ECF No. 209. The Government filed its Motion for Revocation of Order of Pretrial Release on March 22, 2022. In its Motion, the Government asserts that it "believes that Judge Dodge's Order of Release was wrongfully decided because [Defendant] is a danger to the community, and there [is] no condition or combination of conditions will ameliorate that risk." *Id*. The transcript from the detention hearing before Judge Dodge was filed on March 24, 2022. This Court entered an Order (ECF No. 210) on March 25, 2022 setting a briefing schedule with respect to the Government's Motion. Defendant filed a Response in Opposition (ECF No. 264) to the Government's Motion on April 27, 2022.

**II. Legal Standard**

Pursuant to 18 U.S.C. § 3145(a), "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the

conditions of release . . . ." A district judge exercises de novo review over a release order entered by a magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "De novo review does not require an additional evidentiary hearing[,]" and the district court "may make its independent determination based solely upon the evidence introduced at the prior hearing."[1] *United States v. Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (citations omitted). A district court may further incorporate the transcript of the hearing before the magistrate judge, including any exhibits admitted therein. *United States v. Chagra*, 850 F. Supp. 354, 357 (W.D. Pa. 1994). The district court "may also consider any additional evidence or proffers submitted in conjunction with any supplemental proceedings." *Burgess*, No. 2:09-CR-150, 2009 WL 2038148, at *2 (W.D. Pa. July 8, 2009) (quoting *United States v. Farris*, 2008 WL 1944131, *7 (W.D. Pa. 2008)).

The Bail Reform Act of 1984 provides that a judicial officer must order the pretrial release of a defendant on personal recognizance, or upon execution of an unsecured appearance bond, unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. 18 U.S.C. § 3142(b). If, following a hearing, the judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

Where the judicial officer finds that there is probable cause to believe that a defendant has committed certain offenses, there exists a rebuttable presumption that "no condition or

---

[1] Because the record was fully developed before Judge Dodge, and because this Court is not required to conduct an additional hearing, the Court denies Defendant's request for a hearing. The Court hereby incorporates the transcript of the March 22, 2022 detention hearing held before Judge Dodge.

4

combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). To rebut this presumption, a defendant "must produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (citing *United States v. Jessup*, 757 F.2d 378 (1st Cir.1985)). "The burden of persuasion does, however, remain always with the government." *United States v. Yarbough*, No. 2:14-CR-270-11, 2014 WL 7343839, at *2 (W.D. Pa. Dec. 23, 2014) (citing *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986); *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)). The defendant's burden of production in rebutting the presumption is relatively light and has been construed as easy to meet. *Chagra*, 850 F. Supp. at 357 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). If the defendant rebuts the presumption, the government is required to prove: (1) that the defendant is a danger to the safety of any other person and the community by clear and convincing evidence; or (2) that the defendant poses a risk of flight by a preponderance of the evidence. *Id*.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judicial officer must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

>> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### III. Analysis

Initially, based upon the grand jury's return of the Indictment in this matter, the Court finds that there is probable cause to believe that Defendant committed the offenses with which he is charged in the Indictment. *See Suppa*, 799 F.2d at 119 (holding that "the indictment is sufficient to support a finding of probable cause triggering the rebuttable presumption of dangerousness under § 3142(e)"). There is a presumption of detention in cases, such as this one, where there is probable cause to believe that the defendant committed a violation of the Controlled Substances Act that is punishable by ten or more years of incarceration. *See* 18 U.S.C. § 3142(e)(3)(A). If a defendant rebuts the presumption, the presumption "does not disappear from the case." *Chagra*, 850 F. Supp. at 358. "Rather, 'it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *Dominguez*, 783 F.2d at 707).

In arguing that the presumption has been rebutted, Defendant cites to the Pretrial Services Report and the evidence contained therein, Resp. in Opp'n ¶ 6, ECF No. 264, and primarily cites to his limited criminal history, his extensive employment history, and strong family ties in the area, *id.* at ¶¶ 9-11. The Court notes that Judge Dodge did not find that Defendant "offered evidence that would rebut the presumption," but also stated that "that fact alone does not authorize, as a

6

matter of course, detention and rather, I still have to go through the four specific factors that the Bail Reform Act requires me to consider." Tr. 49:7-12, ECF No. 207. While the Court will discuss all of the relevant evidence of record in further detail below, the Court finds that the record contains limited evidence that could serve to rebut the presumption in this case. In any event, this Court finds that, even if Defendant had successfully rebutted the presumption of detention, the Government has met its burden of establishing, by clear and convincing evidence, that Defendant is a danger to the safety of any other person and the community. After considering the record evidence, including the presumption, and balancing the factors set forth at 18 U.S.C. § 3142(g), the Court further finds that there is no condition or combination of conditions of release that can be imposed in this case that will reasonably assure the safety of other individuals or the community. Accordingly, the Court will grant the Government's Motion on that basis.

### A. Nature and Circumstances of the Offense Charged

Defendant has been charged in this matter for his alleged involvement in a conspiracy that involves possession with intent to distribute more than 40 grams of fentanyl and more than 28 grams of cocaine base. He is also charged with possession with intent to distribute fentanyl and cocaine base, which implicates a mandatory minimum of five years of incarceration, as well as unlawful firearm possession. These charges involve dangerous drugs and guns, and are clearly very serious in nature. *See United States v. Bastianelli*, No. CR 17-305, 2018 WL 1015269, at *5 (W.D. Pa. Feb. 22, 2018). Further, under 18 U.S.C. § 3142(g)(1), the Court must look to both the charged offense and the circumstances surrounding that offense. *See United States v. Abdullahu*, 488 F. Supp. 2d 433, 439 (D.N.J. 2007) ("By directing a [c]ourt to examine the 'nature and circumstances' of the charge rather than just the charge itself, Congress intended for courts to examine a defendant's actions in the context of all relevant background evidence.").

During the detention hearing, Pittsburgh Safe Streets Task Force Officer Jerry Kabala testified as to the nature and circumstances of the offense charged, including the investigation that eventually led to the charges brought in this matter and the execution of a search warrant at Defendant's grandmother's residence on December 14, 2021. Officer Kabala testified that the following was located and seized by officers as a result of this search warrant:

> [A] [t]otal of 95 bricks of heroin were seized. I believe it was 4,752 individual stamp bags, 45 grams of crack cocaine. There was an Action Arms .223 caliber small rifle recovered, a Smith and Wesson .357 caliber firearm recovered, a digital scale with residue on it. There was also magazines and additional ammunition found, and I believe just under $10,000 in U.S. currency.

Tr. 30:13-19, ECF No. 207. The Government also introduced a collection of intercepted communications, and that collection is attached as Exhibit 1 to the Government's Motion. Judge Dodge described the nature and circumstances of the offenses charged as follows:

> The first of those is the nature and circumstances of the alleged offense. I think it's fair to say that the nature of the offenses here are serious. As we heard through the testimony of Officer Kabala, these are charges related to narcotics, including heroin, fentanyl[,] and cocaine[,] as well as firearms. There was evidence presented through the testimony of Officer Kabala that there were multiple, and this is both through surveillance and wiretap investigation, that Mr. Yancey was in contact with Mr. Reed-Graves concerning the purchase and sale of crack cocaine.
> There were interceptions, several interceptions with which -- about which Officer Kabala testified. Defendant in one of them, Mr. Yancey, agreed on a price for him to pay [] $3,500 for 100 grams of crack cocaine. There were also -- there was also testimony regarding at least five customers of Mr. Yancey which all told represented 29 bricks of heroin and fentanyl and 18 and a half grams of crack cocaine.
> The testimony also revealed that at least, according to the allegations, Mr. Yancey was using the residence of his grandmother at 1014 Sheffield Street in an apartment to store drugs and other materials, and I will note that, based upon a search that was conducted on December 14 of 2021, among the things seized were 95 bricks of heroin, which represents more than 4,000 stamp bags, 45 grams of crack cocaine, a rifle, a .357, magazines and ammunition and almost $10,000 in cash. This was found in a duffel bag behind the dresser of Carolyn Wade.
> I've reviewed all of the wire intercepts and other communications in Government's Exhibit 1 and therefore agree that the nature and circumstances of the alleged offenses are in fact serious.

Tr. 49:13-50:18, ECF No. 207.

The Court agrees with this description, and further agrees that the nature and circumstances of the offenses at issue involved drug and firearm possession, as well as the recovery of a substantial amount of fentanyl and cocaine base, two firearms and ammunition, and $10,000 in cash, all of which were stored at Defendant's grandmother's house. The Court finds that the nature and circumstances of the offenses charged in this case are very serious, that they evidence a danger to the community, and that they weigh in favor of pretrial detention.

### B. Weight of the Evidence

The Court agrees with Judge Dodge's analysis as to the weight of the evidence in this case, whereby she noted that:

> Looking at the weight of the evidence, and I'm not going to review all of it again, but I will note as a start that a federal grand jury returned an indictment against Mr. Yancey which suggests that there is probable cause that these offenses were committed. The evidence itself, I believe, is strong and suggests indeed the possibility that crimes were committed.

Tr. 50:19-25, ECF No. 207. Accordingly, while recognizing that Defendant is presumed innocent of the charged offenses, the Court finds that the weight of the evidence against Defendant is strong and weighs in favor of pretrial detention in this matter.

### C. History and Characteristics of the Person

Defendant is a twenty-nine-year-old longtime Pittsburgh resident with significant family ties in this area. Pretrial Services Report 2, ECF No. 253. Defendant is currently single, and has two young children, with whom he has daily contact. *Id*. Defendant reported being in good physical health and having no history of mental health diagnosis or treatment. *Id.* at 4. Defendant's mother, Felicia Wade, has advised that Defendant is welcome to reside with her at her residence under any conditions imposed by the Court. *Id.* at 2. While Ms. Wade stated that she was willing

to serve as a third-party custodian if imposed by the Court, Pretrial Services notably did not recommend Ms. Wade as a third-party custodian on the basis that she may have been aware of the criminal activity at issue in this case. *Id*.

Defendant has a high school diploma and a consistent and extensive history of employment, including current employment at two different jobs that Defendant could return to if he was released. Pretrial Services Report 2-3, ECF No. 253. Defendant's criminal history, while not extensive, does include a prior felony drug conviction for two counts of possession with intent to deliver a controlled substance in 2013, as well two misdemeanor counts for possession of a controlled substance. *Id.* at 4. Given this prior felony conviction for possession with intent to deliver, the Court finds that Defendant's criminal history tends to indicate he poses a risk to the community. The Court notes that the Pretrial Services Report indicates that the current offenses occurred while Defendant was on probation. *Id.* at 6. The Court further notes the recommendation of Pretrial Services that Defendant be released on an unsecured bond with certain recommended conditions.

**D. Nature and Seriousness of the Danger to Any Person or the Community**

The evidence before the Court supports a finding that Defendant's release poses a serious danger to the community. "Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of significant quantities of very dangerous and addictive drugs . . . ." *Bastianelli*, 2018 WL 1015269, at *8 (citing *United States v. Gibson*, 481 F. Supp. 2d 419, 423 (W.D. Pa. 2007)). "Ultimately, 'the court must predict whether defendant will engage in criminal activity if released pending trial.'" *Id.* (quoting *United States v. Bratcher*, No. CRIM. 14-28, 2014 WL 1371582, at *8 (W.D. Pa. Apr. 8, 2014)); *see also United States v. Rice*, No. CR 17-1450, 2017 WL 6349372, at *7 (W.D. Pa. Dec. 13, 2017) ("In cases involving drug offenses,

the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs." (citing *United States v. Perry*, 788 F.2d 100, 111 (3d Cir. 1986))).

The evidence of record, when considered in its totality, indicates that a significant amount of fentanyl, specifically 95 "bricks" of fentanyl, 45 grams of crack cocaine, two firearms, and ammunition were seized as a result of law enforcement's execution of a search warrant in connection with the charges against Defendant. Firearms and drugs, including a significant amount of the exceptionally dangerous and addictive drug fentanyl, clearly pose a substantial risk of harm to the community. The allegations in this case also involve the storage of dangerous firearms and drugs at the residence of a relative, displaying an ability and willingness to attempt to conceal illegal activity. Guns and drugs pose a serious danger to the community, and, given all of the evidence discussed above, the Court finds that the Government has set forth clear and convincing evidence sufficient to establish that Defendant's release would present a danger to the safety of any other person and the community.

As noted, the charged offenses involve the storage of drugs and firearms at a family member's residence, strongly suggesting that Defendant's release to a family member's residence will do little to abate the danger of Defendant participating in conduct similar to that which has been charged in this case if released. The Court also notes that the illegal activity at issue allegedly occurred while Defendant was on probation for a different conviction. While the Court acknowledges Defendant's family ties and employment history, the Court finds that the evidence, when considered in its totality, establishes by clear and convincing evidence that Defendant is a danger to the safety of any other person or the community. The Court further concludes, given all of the evidence discussed above, that there exists no combination of conditions that will reasonably assure that Defendant will not engage in similar firearm and narcotic possession activity if he is

released, whether to his mother's or any other relative's residence. Firearms and drugs pose a serious danger to the community, and, for the reasons discussed above, the Court is constrained to conclude that Defendant should be detained pending trial in this matter.

## IV.     Conclusion

For the reasons discussed above, the Court will grant the Government's Motion. Even if Defendant sufficiently rebutted the presumption of detention, the presumption nevertheless retains evidentiary weight. The same, when considered along with the other evidence of record discussed above, supports a finding that the Government has met its burden of establishing that Defendant's release would present a danger to the safety of any other person and the community by clear and convincing evidence. The Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community, and will thus order the detention of Defendant pending trial. Judge Dodge's Order Setting Conditions of Release will be vacated, Defendant's bond will be revoked, Defendant will be required to report to the United States Marshal for the Western District of Pennsylvania, Pittsburgh Division, and Defendant will be ordered detained pending trial.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: May 3, 2022

cc/ecf:  All counsel of record
          Shawn Yancey c/o Sally A. Frick, Esquire
          Pretrial/Probation Office
          U.S. Marshal